Irving H. Saypol, J.
Plaintiff moves for summary judgment. Plaintiff and the corporate defendant, as purchaser and seller respectively, entered into a contract dated October 17,1957 providing for closing on January 5,1959. The sale was made subject to certain stated tenancies under leases expiring respectively December 31, 1959, December 31, 1961 and December 31, 1959 with a privilege of renewal for a period of two years with provision for additional terms thereafter. However, the tenants under the very terms of those three leases were granted options or rights of first refusal to purchase the entire premises. It was in the belief that it could obtain waivers from those tenants and *122 convey title cleared of those incumbrances that the defendant corporation undertook to sell without disclosing* the existence of such incumbrances.
In this connection the defendants urge that the plaintiff, prior to contract, did, in fact, have knowledge of the existing options or right of first refusal to purchase. This, however, creates no triable issue since plaintiff could not reject title if on the title day the property had been cleared of the incumbrances. However, the defendant’s hope in the matter was frustrated when, in November, 1958, the tenants caused a lis pendens to be filed and instituted action to compel performance of the options. Judgment in favor of the tenants was rendered on January 16, 1960. The down payment made by the plaintiff was returned to it in January, 1960. It is clear from the foregoing that there has been a breach of the contract on the part of the defendant corporation.
Plaintiff seeks to hold the individual defendant liable upon the contract and its breach by reason of the fact that he was the president and general manager of the seller and knew of the existence of the incumbrances. Nevertheless, he caused the corporate defendant to contract to convey title beyond its power to transfer. Such allegations do not constitute basis for imposition of individual liability in the absence of allegation or proof that the act of the officer was not in the corporate interest and was to the individual’s benefit.
The motion is granted accordingly directing assessment as to the corporate defendant and it is otherwise denied. Settle order providing* for severance.